# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT<br>1250 Connecticut Avenue, N.W.<br>Suite 200<br>Washington, D.C.  20036<br><br>        and<br><br>NOAH SHACHTMAN<br>The Daily Beast<br>555 W. 18th Street<br>Fifth Floor<br>New York, NY 10011<br><br>        and<br><br>BETSY WOODRUFF<br>The Daily Beast<br>555 W. 18th Street<br>Fifth Floor<br>New York, NY 10011<br><br>        Plaintiffs,<br><br>        v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY<br>STOP-0655<br>245 Murray Lane, SW<br>Washington, D.C. 20528-0655<br><br>        Defendant. | Civil Action No. 17-1281 |

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, <u>et seq.</u>, <u>as amended</u>, for the disclosure of agency records withheld from the plaintiffs The James Madison Project, Noah Shachtman and Betsy Woodruff by the defendant

Department of Homeland Security (as well as its subordinate entities).

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4. Plaintiff Noah Shachtman ("Shachtman") currently serves as the Executive Editor of The Daily Beast, and is a representative of the news media.

5. Plaintiff Betsy Woodruff ("Woodruff") currently serves as a politics reporter for The Daily Beast, focusing on immigration and federal law enforcement, and is a representative of the news media.

6. Defendant Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 552 (f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DHS controls – and consequently serves as the proper party defendant for litigation purposes for – Customs and Border Protection ("CBP"), the Transportation Security Administration ("TSA"), and U.S. Customs and Immigration Services ("USCIS").

## FACTUAL BACKGROUND

7. This lawsuit is brought under the Freedom of Information Act ("FOIA"). It seeks to compel disclosure of U.S. Government records clarifying the extent to which U.S. permanent residents were coerced into surrendering their residency statuses during the chaos surrounding the implementation of the first "travel ban" issued by President Donald J. Trump ("President Trump").

8. For context, President Trump issued an Executive Order on January 27, 2017, entitled "Protecting the Nation from Foreign Terrorist Entry into the United States". *https://www.nytimes.com/2017/01/27/us/politics/refugee-muslim-executive-order-trump.html?mtrref=www.nytimes.com&gwh=B456165D1D10E39DE6FBC6134CD77963&gwt=pay* (last accessed January 30, 2017). The Executive Order suspended the U.S. Government refugee program, indefinitely barred Syrian refugees, and temporarily barred entry into the United States foreign nationals from seven countries. *https://www.nytimes.com/2017/01/29/us/trump-refugee-ban-muslim-executive-order.html?_r=0* (last accessed January 30, 2017).

9. In the aftermath of the issuance of the Executive Order, chaos erupted at U.S. airports on January 28, 2017, as hundreds of individuals were detained and prevented from entering the United States despite holding valid entry paperwork. By the evening of January 29, 2017, at least four different U.S. district court judges had issued emergency injunctions preventing the U.S. Government from deporting individuals who had been detained pursuant to the Executive Order. *http://edition.cnn.com/2017/01/28/politics/donald-trump-executive-order-immigration-reaction/index.html* (last accessed January 30, 2017).

10. Countless lawyers raced to the various U.S. airports to prove pro bono legal services to those who were impacted by the new entry restrictions. *https://www.yahoo.com/news/trump-travel-ban-galvanizes-young-lawyers-action-023327562.html* (last accessed January 30, 2017). Despite the issuance of the emergency stays by the different federal judges, reports emerged of CBP officials refusing to comply with the court orders. *http://www.thedailybeast.com/articles /2017/01/29/trump-s-border-patrol-defies-judge-u-s-senator-at-dulles-airport-at-his-first-constitutional-crisis-unfolds.html* (last accessed January 31, 2017); *http://www.huffingtonpost. com/entry/dulles-airport-feds-violated-court-order_us_588d7274e4b08a14f7e67bcf* (last accessed January 31, 2017). On February 4, 2017, the Department of Homeland Security stated that it would stop enforcing the Executive Order. *http://www.cnn.com/2017/02/03/politics/federal-judge-temporarily-halts-trump-travel-ban-nationwide-ag-says/* (last accessed March 2, 2017).

11. I-407 forms are entitled "Record of Abandonment of Lawful Permanent Resident Status". *htttps://www.uscis.gov/i-407* (last accessed March 2, 2017). Lawyers for some of the travelers implicated by Executive Order 13769 have claimed that their clients were pressured to sign the I-407 forms and surrender their residency status. *http://www.scpr.org/news/2017/01/30/68577/lax-immigration-agents-asked-detainees-to-sign-awa/* (last accessed March 2, 2017).

## COUNT ONE (CBP)

12. The plaintiffs, JMP, Shachtman, and Woodruff (hereinafter referred to collectively as "the Requesters"), repeat and reallege paragraphs 8 through 11 above, inclusive.

13. By letter dated March 3, 2017, the Requesters submitted to CBP a FOIA request.

14. The FOIA request specifically sought copies of records, including cross-references, memorializing the following:

   1) Instructions or guidelines – including verbal instructions memorialized in writing – provided to CBP officials with respect to agency practice for presenting I-407 forms to individuals impacted by Executive Order 13769;

   2) Communications between CBP officials – including verbal communications memorializing in writing – mentioning I-407 forms between January 27, 2017, and February 5, 2017;

   3) Any documentation tabulating or calculating the number of individuals who signed I-407 forms between January 27, 2017, and February 5, 2017;

   4) Copies of the actual I-407 forms that were signed between January 27, 2017, and February 5, 2017.

15. In the FOIA request, the Requesters pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or whom otherwise were not acting in a supervisory position. The Requesters similarly waived any objection to redactions of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below. In terms of all other third parties who work for the U.S. Government and whose names appear in records responsive to this request, the Requesters explained in detail that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of the FOIA request. Relying upon the public interest aspect outlined regarding third party privacy interests, the Requesters stated that they were also seeking a waiver of fees or, at a minimum, a reduction in fees, as well as expedited processing.

16. CBP acknowledged receipt of the request and designated the request as

CBP-OC-2017-036095.

17. To date, no substantive response has been received by the Requesters from CBP. The Requesters have constructively exhausted all required administrative remedies.

18. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no basis for the denial by CBP of said right.

## COUNT TWO (TSA)

19. The Requesters, repeat and reallege paragraphs 8 through 11 above, inclusive.

20. By letter dated March 3, 2017, the Requesters submitted to TSA a FOIA request.

21. The Requesters repeat and re-allege paragraphs 14 and 15, as the language relied upon in the request to TSA is identical to that which was used in the request to CBP.

22. By letter dated March 16, 2017, TSA acknowledged receipt of the request and designated it as 2017-HQFO-00544. TSA indicated that expedited processing had been granted.

23. To date, no substantive response has been received by the Requesters from TSA. The Requesters have constructively exhausted all required administrative remedies.

24. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no basis for the denial by the TSA of said right.

## COUNT THREE (USCIS)

25. The Requesters, repeat and reallege paragraphs 8 through 11 above, inclusive.

26. By letter dated March 3, 2017, the Requesters submitted to USCIS a FOIA request.

27. The Requesters repeat and re-allege paragraphs 14 and 15, as the language relied upon in the request to USCIS is identical to that which was used in the request to CBP.

28. By letter dated March 6, 2017, USCIS acknowledged receipt of the request and designated it as 2017-HQFO-00491. USCIS also stated that the fee waiver and expedited processing requests had been granted.

29. To date, no substantive response has been received by the Requesters from USCIS. The Requesters have constructively exhausted all required administrative remedies.

30. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no basis for the denial by USCIS of said right.

WHEREFORE, plaintiffs The James Madison Project, Noah Shachtman and Betsy Woodruff pray that this Court:

(1) Orders the defendant federal agencies to disclose the requested records in their entirety and make copies promptly available to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   June 29, 2017

Respectfully submitted,

/s/
_____
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs